UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JERMAINE WHINDLETON,         )
                             )
        Petitioner,           )
                             )    2:13-cr-00064-NT
    v.                       )    2:17-cv-00385-NT
                             )
UNITED STATES OF AMERICA,    )
                             )
        Respondent            )

# ORDER ON MOTION TO SUPPLEMENT/ RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Jermaine Whindleton moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 137.) Petitioner also filed a motion to supplement his section 2255 motion. (Motion to Supplement, ECF No. 154.)

Following a jury trial, Petitioner was convicted of possession of a firearm by a felon, and the Court sentenced Petitioner to the statutory minimum of 180 months in prison under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). (Jury Verdict, ECF No. 99; Judgment, ECF No. 123 at 1-2.) On appeal, Petitioner argued that two of his prior offenses−a 2006 New York drug conviction (criminal sale of a controlled substance, N.Y. Penal Law § 220.39(1)), and a 2009 Massachusetts conviction of assault with a dangerous weapon (ADW) (Mass. Gen. Laws ch. 265, § 15B(b))−were not valid ACCA predicate offenses. *United States v. Whindleton*, 797 F.3d 105, 107 (1st Cir. 2015), *cert. denied*, 137 S. Ct. 179 (2016). The First Circuit noted that at sentencing, Petitioner conceded a 2009 Massachusetts drug conviction qualified as a third ACCA predicate

offense. *Whindleton*, 797 F.3d at 107-08. The First Circuit affirmed the sentence. *Id.* at 107.

In Petitioner's section 2255 motion, as previously amended (ECF Nos. 144, 144-1), he contends, based on *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), that neither the New York drug conviction nor the Massachusetts ADW conviction qualifies as an ACCA predicate. (Amended Motion, ECF No. 144-1 at 4.) Petitioner also contends his 2006 New York drug conviction did not qualify as an ACCA predicate at the time of his 2014 federal sentencing, due to a 2009 state law that retroactively reduced the maximum term to less than the ten years required under section 924(e)(2)(A)(ii), and he includes a related claim of ineffective assistance. (*Id.* at 5-7.)

In Petitioner's pending motion to supplement, he requests the Court include as part of his amended section 2255 motion a claim that his 2009 Massachusetts drug conviction does not qualify as an ACCA predicate offense. (Motion to Supplement, ECF No. 154 at 1.)

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I grant Petitioner's motion to supplement, and I recommend the Court grant the Government's request to dismiss Petitioner's section 2255 motion as amended.

## I. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the

sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel

need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Id.* at 697.

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

### B. Claims and Analysis

In his previously amended motion, Petitioner challenges the two ACCA predicate offenses at issue on appeal.[1] (Amended Motion, ECF No. 144-1 at 4.) Petitioner timely filed the section 2255 claims that are based on the predicate offenses at issue on appeal.[2]

---

[1] The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), provides in part that a defendant "who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be . . . imprisoned not less than fifteen years . . . ."

Under section 924(e)(2)(A)(ii), the term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."

Section 924(e)(2)(B) defines the term "violent felony" and provides in pertinent part:

[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—

**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or

**(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, or the use of explosives is known as the "enumerated offenses" clause; and the remainder of section 924(e)(2)(B)(ii), *i.e.*, the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017). In *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2557 (2015), the Supreme Court held unconstitutional the residual clause. However, the Court left intact the force clause and the enumerated offenses clause: "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.

[2] Petitioner's ACCA claims regarding his Massachusetts ADW offense and his New York drug offense were included in his initial section 2255 motion. (Motion, ECF No. 137 at 4-5.) Petitioner states he signed and placed his 28 U.S.C. § 2255 motion in the prison mailing system on September 26, 2017. (Motion, ECF No. 137 at 13.) Petitioner's section 2255 motion was timely filed within one year of the Supreme Court's October 3, 2016, denial of his petition for a writ of certiorari. *Whindleton v. United States*, 137 S. Ct. 179 (2016). *See* 28 U.S.C. § 2255(f)(1) (providing a one-year limitation period from the date the judgment of conviction was final); *Butterworth v. United States*, 775 F.3d 459, 468 (1st Cir. 2015) (noting that "a conviction becomes final−and the one-year period therefore starts to run−for purposes of

In his motion to supplement (Motion to Supplement, ECF No. 154), Petitioner challenges the third ACCA predicate offense, a 2009 Massachusetts offense of possession with intent to distribute a Class B drug. (Motion to Supplement at 1.) The motion is granted and Petitioner's contention regarding the 2009 Massachusetts offense is addressed below.[3]

**1. Massachusetts assault with a dangerous weapon**

The First Circuit rejected on appeal Petitioner's argument that *Johnson v. United States*, 559 U.S. 133 (2010) (holding that for an offense to qualify as an ACCA predicate under the force clause, the statute of conviction must require violent force), overruled *United States v. Am*, 564 F.3d 25, 33 ¶ n.9 (1st Cir. 2009) (holding that Massachusetts ADW satisfies the ACCA's force clause). *Whindleton*, 797 F.3d at 112-16. The First Circuit noted that Petitioner had not urged the Court to revisit and reject its conclusion in *Am* that Massachusetts ADW required the state to show the defendant acted intentionally. *Whindleton*, 797 F.3d at 113 n.9, 116 n.12.

Petitioner contends that after *Mathis*, his prior Massachusetts ADW offense no longer qualifies as a "violent felony" under the ACCA force clause, because the crime can

---

§ 2255(f)(1) when a petition for certiorari is denied") (quotation marks omitted); Rule 3(d) of the Rules Governing Section 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

[3] A fourth prior offense−Petitioner's 2006 New York conviction of second degree assault−is not at issue. The First Circuit noted that this Court concluded the conviction did not qualify as an ACCA predicate offense, and the Government did not challenge the determination on appeal. *United States v. Whindleton*, 797 F.3d 105, 108 n.1 (1st Cir. 2015). *But see Lassend v. United States*, 898 F.3d 115, 118 (1st Cir. 2018) (concluding that a New York conviction for attempted second-degree assault (New York Penal Law § 120.05(7)) "qualifies as a violent felony under the ACCA's force clause").

be committed with a mental state of recklessness, *i.e.*, without the requisite intent, and because the "dangerous weapon" element does not require the jury to find violent force was used.[4] (Amended Motion, ECF No. 144-1 at 32.) Petitioner includes a related claim of ineffective assistance of appellate counsel regarding the mens rea issue. (*Id.* at 6, 47-49.)

Petitioner's argument fails because the Supreme Court denied certiorari in Petitioner's case on October 3, 2016, after its June 23, 2016, decision in *Mathis*. Because the Supreme Court did not remand Petitioner's case for reconsideration following *Mathis*, it is reasonable to conclude the Supreme Court would not interpret *Mathis* to call into doubt the First Circuit's rulings in Petitioner's appeal. *See Sears v. Atchison, Topeka & Santa Fe Ry., Co.*, 749 F.2d 1451, 1453-54 (10th Cir. 1984) (declining to reverse a judgment on the basis of later Supreme Court decisions, noting "two of the cited cases were decided before the Supreme Court denied certiorari and the other two were decided before the Court's term ended two months later," and concluding "[u]nder these circumstances we believe that if the Supreme Court had thought any of those decisions required reconsideration of our opinion, it would have granted certiorari and summarily remanded the case for our reconsideration in light of its determinations").

Furthermore, since *Mathis*, the First Circuit has once again concluded Massachusetts ADW is an ACCA predicate violent felony. *See Lassend v. United States*, 898 F.3d 115, 124 (1st Cir. 2018). In *Lassend*, the First Circuit stated:

---

[4] In *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), the Supreme Court recognized the long-standing rule that a prior conviction will not qualify as an ACCA violent felony unless "its elements are the same as, or narrower than, those of the generic offense." 136 S. Ct. at 2247.

7

The Massachusetts ADW statute provides that

> [w]hoever, by means of a dangerous weapon, commits an assault upon another shall be punished by imprisonment in the state prison for not more than five years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years.

Mass. Gen. Laws ch. 265, § 15B(b). Lassend does not dispute that he was convicted under this statute.

In *United States v. Whindleton*, 797 F.3d 105, 116 (1st Cir. 2015), we rejected the argument that [*Johnson v. United States*, 559 U.S. 133 (2010)] overruled our holding in *United States v. Am*, 564 F.3d 25 (1st Cir. 2009), that the Massachusetts ADW statute "'has as an element the use, attempted use, or threatened use of physical force' as required by the ACCA's Force Clause." *Whindleton*, 797 F.3d at 116 (citing *Am*, 564 F.3d at 33). While *Whindleton* left open the question as to whether Massachusetts ADW fails to qualify as a violent felony under ACCA because it lacks a requirement that the use or threat be intentional, *id.* at 116 n.12, we answered that question in the negative in *United States v. Hudson*, 823 F.3d 11 (1st Cir. 2016). There, we held that a conviction under the Massachusetts ADW statute "includes a mens rea requirement sufficient to qualify the conviction as a predicate under the ACCA's force clause." *Id.* at 17.

898 F.3d at 124. The First Circuit concluded: "We are bound by the law of the circuit that a conviction under Mass. Gen. Laws ch. 265, § 15B(b) constitutes a violent felony under the ACCA's force clause." *Id.* at 125.

Based on *Lassend*, Petitioner's underlying claim regarding his Massachusetts ADW offense fails, and therefore the related ineffective assistance claim against appellate counsel also fails. *See Tse*, 290 F.3d at 465.

2. **New York criminal sale of a controlled substance**

The First Circuit held on Petitioner's appeal that "an offer to sell under New York law−requiring the intent and the ability to proceed with a sale−sufficiently *'involv[es]'* the

8

distribution of drugs to qualify as a 'serious drug offense' under the ACCA." *Whindleton*, 797 F.3d at 111 (emphasis added). Petitioner first contends *Mathis* abrogates *Whindleton*, because the Supreme Court's holding in *Mathis* "that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense," 136 S. Ct. at 2251, is inconsistent with the First Circuit's holding in *Whindleton* that the term "involving" is "expansive," and includes an offer to sell. 797 F.3d. at 111. (Amended Motion at 27-32.)

As with the Massachusetts ADW prior offense, Petitioner's *Mathis* claim regarding the prior New York drug offense fails on the merits, because the Supreme Court denied certiorari in Petitioner's case after its decision in *Mathis*. *See Sears*, 749 F.2d at 1453-54.

In addition, the Supreme Court's reasoning in *Mathis* does not abrogate *Whindleton*. In *Whindleton*, the First Circuit noted: "Since Whindleton's record of conviction does not specify on what theory he was convicted, we must ensure that any form of the conviction would qualify as a 'serious drug offense' under the ACCA." 797 F.3d at 109. Thus, the issue in *Whindleton* was not whether the New York statute of conviction contained elements that were broader than those of the generic offense, but rather whether any form of conviction under the New York statute sufficiently involved the distribution of drugs to qualify as a serious drug offense under the ACCA. *Id.* at 109-11. The First Circuit concluded all forms of conviction under the New York statute qualified as an ACCA serious drug offense. *Id.* at 111.

Finally, in *United States v. Mulkern*, 854 F.3d 87 (1st Cir. 2017), which was decided after *Mathis*, the First Circuit, citing *Whindleton*, reaffirmed that the term "involving" in

the definition of "serious drug offense" under section 924(e)(2)(A)(ii) is "'broader than'" the term "'has as an element'" in the definition of "violent felony" under section 924(e)(2)(B)(i). *Mulkern*, 854 F.3d at 95-96 (quoting *United States v. McKenney*, 450 F.3d 39, 43 (1st Cir. 2006)). The Court explained:

> The word "involving" helps ACCA "capture[ ] more offenses than just those that 'are in fact' the manufacture, distribution, or possession of, with intent to distribute, a controlled substance"—*i.e.*, thanks to "involving," the statute captures "'offenses that are related to or connected with such conduct'" as well.

*Id.* at 90 (quoting *McKenney*, 450 F.3d at 42, 43-44 (quoting *United States v. King*, 325 F.3d 110, 113 (2d Cir. 2003)), and citing *Whindleton*, 797 F.3d at 109).[5]

Petitioner also procedurally defaulted his claim that the term "involving" in the definition of "serious drug offense" under section 924(e)(2)(A)(ii) is unconstitutionally vague, because he waived the issue on appeal. *Whindleton*, 797 F.3d at 111 n.6. Petitioner withdrew his related ineffective assistance claim. (Amended Motion, ECF No. 144 at 3.) The claim of unconstitutional vagueness fails because Petitioner has not demonstrated either cause for the failure and prejudice, nor has he demonstrated actual innocence. *See Berthoff*, 308 F.3d at 127-28.

---

[5] Although the prior offense at issue in *United States v. Mulkern*, 854 F.3d 87 (1st Cir. 2017), was a Maine drug trafficking offense, rather than the New York offense at issue in Petitioner's case, *Mulkern* reaffirms the First Circuit's reasoning in *Whindleton*, 797 F.3d at 109-11, and *Mulkern* therefore precludes Petitioner's *Mathis* claim. *See United States v. Wadena*, 895 F.3d 1075, 1076-77 (8th Cir. 2018) (holding a Minnesota statute that includes "offer . . . to sell" in the definition of a controlled substance crime, is an ACCA "serious drug offense"); *Shuman v. United States*, No. 17-11279-A, 2017 WL 8683695, at *2-3, 2017 U.S. App. Lexis 27854, at *5-7 (11th Cir. Nov. 9, 2017) (concluding *Mathis* "had no impact" on the validity, as ACCA predicates, of two Georgia convictions for the sale of a controlled substance).

In addition to his *Mathis* claim, Petitioner contends the New York drug offense did not qualify as an ACCA predicate because an amendment to New York law reduced the maximum prison term to less than the ten years required under section 924(e)(2)(A)(ii); Petitioner includes a related claim of ineffective assistance. (Amended Motion, ECF No. 144-1 at 5-6, 44-46.)

The First Circuit noted the issue on appeal, but because Petitioner did not raise the issue, the Court did not address the substantive argument:

> We note that the 2004 Drug Law Reform Act, which applied to defendants who committed their crimes after January 13, 2005, lowered the maximum sentence for Class B drug crimes to nine years. *See* 2004 N.Y. Sess. Laws ch. 738 §§ 36, 41 (McKinney) (codified at N.Y. Penal Law § 70.70(2)(a)(i) (2005)); *see also People v. Utsey,* 7 N.Y.3d 398, 822 N.Y.S.2d 475, 855 N.E.2d 791, 793 & n. 5 (2006). The 2009 Drug Law Reform Act then made that reduced sentence available to individuals convicted of Class B drug crimes before 2009 in certain circumstances. *See* 2009 N.Y. Sess. Laws ch. 56, pt. AAA, § 9 (McKinney) (codified at N.Y.Crim. Proc. § 440.46); *see also United States v. Calix,* No. 13–582, 2014 WL 2084098, at *12 (S.D.N.Y. May 13, 2014). Whindleton makes no argument that New York's subsequent sentencing reforms for drug offenses should affect his case, and so we do not consider the issue further. *Cf. McNeill v. United States,* 563 U.S. 816, 131 S.Ct. 2218, 2224 n. 1, 180 L.Ed.2d 35 (2011); *Rivera v. United States,* 716 F.3d 685 (2d Cir. 2013), *Calix,* 2014 WL 2084098; *United States v. Jackson,* No. 13–142, 2013 WL 4744828 (S.D.N.Y. Sept. 4, 2013).

*Whindleton*, 797 F.3d at 109 n.3.

Petitioner erroneously alleges his offense occurred on February 4, 2005, *i.e.*, after the January 13, 2005, effective date of the 2004 New York Drug Law Reform Act. (Amended Motion, ECF No. 144-1 at 5, 41.) In fact, the record of the New York drug conviction reflects Petitioner was arrested on January 5, 2005, and that February 4, 2005, was a filing date. (ECF No. 145-1; Sentencing Tr., ECF No. 130 at 12.) In Petitioner's

reply, he acknowledges February 4, 2005, was a filing date, but he alleges the January 5, 2005, arrest date on the record may have been an unrelated arrest. He thus contends the Government did not meet its burden at sentencing to establish that the offense occurred before the nine-year maximum prison term went into effect. (Reply, ECF No. 153 at 6.) The record does not support Petitioner's allegation that he committed the offense after the January 13, 2005 effective date of the 2004 amendment.

Petitioner has also not established that the 2009 New York Drug Law Reform Act retroactively applied to him. *See Whindleton*, 797 F.3d at 109 n.3 (citing, *inter alia*, N.Y. Crim. P. § 440.46, and noting the 2009 New York Drug Law Reform Act is "available to individuals convicted of Class B drug crimes before 2009 in certain circumstances");[6] *see also Saxon v. United States*, 695 F. App'x 616 (2d Cir. 2017) (concluding counsel's failure to contest the petitioner's ACCA eligibility based on *McNeill*, 563 U.S. at 825 n.1, was not deficient performance).[7] To the contrary, the record establishes that the 2009 Act

---

[6] *See* N.Y. Crim. Proc. § 440.46(1) ("Any person in the custody of the department of corrections and community supervision convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to January thirteenth, two thousand five, who is serving an indeterminate sentence with a maximum term of more than three years, may, except as provided in subdivision five of this section, upon notice to the appropriate district attorney, apply to be resentenced to a determinate sentence in accordance with sections 60.04 and 70.70 of the penal law in the court which imposed the sentence.").

[7] In *Saxon v. United States*, 695 F. App'x 616 (2d Cir. 2017), the Second Circuit cited *Cortes-Morales v. Hastings*, 827 F.3d 1009, 1015 (11th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 2186 (2017), and it noted the Eleventh Circuit, with a judge of the Second Circuit sitting by designation, "expressly rejected the reasoning" in two cases, both from the Southern District of New York, that the First Circuit cited in *Whindleton*, 797 F.3d at 109 n.3: *United States v. Calix,* No. 13-CR-582(RPP), 2014 WL 2084098, 2014 U.S. Dist. Lexis 67146 (S.D.N.Y. May 13, 2014); and *United States v. Jackson,* No. 13-CR-142(PAC), 2013 WL 4744828, 2013 U.S. Dist. Lexis 126237 (S.D.N.Y. Sept. 4, 2013). *See Saxon*, 695 F. App'x at 620-21 & n.2. Therefore, despite the First Circuit's citation in *Whindleton* to *Calix* and *Jackson*, the Second Circuit's decision in *Saxon* suggests the Second Circuit does not necessarily agree with the reasoning of *Calix* or *Jackson* on the issue of the ACCA and the 2009 New York Drug Law Reform Act. *See id.*

does not apply to him. In 2006, Petitioner was sentenced in New York state court to one year in jail and two years of supervision. (ECF No. 145-1.) Petitioner's state sentence thus had concluded by the time of his 2014 conviction in this Court. Given that the 2009 Act applies to "[a]ny person in the custody of the department of corrections and community supervision . . . serving an indeterminate sentence with a maximum term of more than three years," Petitioner was not eligible for relief under the 2009 Act. *See Cortes-Morales v. Hastings*, 827 F.3d 1009, 1014-16 (11th Cir. 2016) (per curiam) (concluding that because the petitioner was not in state custody in New York, he was not eligible for resentencing under the 2009 New York Drug Law Reform Act, and the Eleventh Circuit lacked jurisdiction to hear his 28 U.S.C. § 2241 claim), *cert. denied*, 137 S. Ct. 2186 (2017).

Petitioner has the burden to establish grounds for section 2255 relief. *See David*, 134 F.3d at 474. Because the underlying claim fails, the related claim of ineffective assistance also fails. *See Tse*, 290 F.3d at 465.

### 3. Massachusetts drug offense

In his supplemental pleading, Petitioner challenges his 2009 Massachusetts drug conviction on the basis he recently learned the charge had been dismissed before his federal sentencing. (Motion to Supplement, ECF No. 154 at 1, 3-4.) Petitioner includes a related claim of ineffective assistance. (*Id.* at 5.)

The underlying claim and the related ineffective assistance claim are untimely under section 2255(f)(1), because Petitioner filed the motion to supplement on April 17, 2018,[8]

---

[8] Petitioner asserts he placed the motion in the prison mail system on April 17, 2018. (Motion to Supplement, ECF No. 154 at 8.)

*i.e.*, more than one year after the Supreme Court's October 3, 2016, denial of certiorari, *Whindleton*, 137 S. Ct. 179, and the claims do not relate back to the initial section 2255 motion, pursuant to Fed. R. Civ. P. 15.[9]  (Motion to Supplement at 8.)  *See United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (concluding "the district court did not remotely abuse its discretion in determining that the amended Ciampi claims did not relate back to the *pro se* petition" under Fed. R. Civ. P. 15).

Petitioner requests his claim be considered because he discovered the basis for the claim (*i.e.*, the alleged dismissal of the charge) after he had filed his section 2255 motion.  (Motion to Supplement at 3.)  Petitioner thus evidently contends the motion is timely under section 2255(f)(4), which provides the one-year limitation period for a section 2255 motion may start on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The Court need not decide whether Petitioner has adequately demonstrated due diligence and recent discovery of the claim, because the record does not support Petitioner's contention that the relevant 2009 Massachusetts drug offense was dismissed. Petitioner mistakenly contends the charge appeared as a dismissed Count 2 on Docket No. 0985CR00066 in the Massachusetts state court record.  (*Id.* at 4; ECF No. 154-1 at 2.)  In fact, as reflected in the revised presentence investigation report (Report, ¶ 32), the prior offense was an April 23, 2009, Massachusetts drug offense

---

[9] Fed. R. Civ. P. 15(c)(1) provides in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out−or attempted to be set out−in the original pleading."

14

charged as Count 2 on Docket No. 0962CR003409. (ECF No. 155-1 at 1). Petitioner does not allege Count 2 in Docket No. 0962CR003409 was dismissed, nor does the docket record reflect that it was dismissed.[10]

In short, Petitioner has failed to present evidence that the relevant 2009 Massachusetts drug offense was not a valid ACCA predicate. Because Petitioner's allegations do not support the claim, the claim cannot be considered timely under section 2255(f)(4). Furthermore, because the underlying claim fails, the related ineffective assistance claim fails as well. *See Tse*, 290 F.3d at 465.

## II. CONCLUSION

Petitioner's motion to supplement (ECF No. 154) is granted, and Petitioner's section 2255 motion, as previously amended, is thus supplemented by ECF No. 154.

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 (ECF No. 137). I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[10] Although the revised presentence investigation report states the docket number of the prior offense was "0900661/2" (Report, ¶ 32), evidently two cases were decided on July 2, 2009: Docket No. 0962CR003409, which refers to Docket No. "09-0066" in what appears to be a description of the parties' sentencing recommendations in Docket No. 0962CR003409; and Docket No. 0985CR00066. (ECF Nos. 154-1 at 2; 155-1 at 2.)

15

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of October, 2018.